**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **NANCY BEAM** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  206 CV 231** |
| | § | |
| **NEXION HEALTH MANAGEMENT,** | § | |
| **INC., NEXION HEALTH AT MOUNT** | § | |
| **PLEASANT, INC., and THE BRAUN** | § | |
| **CORPORATION** | § | |
| | § | |
| **Defendants** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Nancy Beam's ("Beam") Amended Motion to Extend Time to File Expert Reports Pursuant to the Texas Civil Practice and Remedies Code ("TCPRC"), Chapter 74 (Docket No. 17) and Defendant The Braun Corporation's ("Braun") Joinder in Plaintiff's Amended Motion to Extent Time to File Expert Reports Pursuant to TCPRC, Chapter 74 and The Braun Corporation's Request for Specific Discovery (Docket No. 18).  For the reasons set forth below, the Court **DENIES** the motions.

## BACKGROUND

On June 9, 2006, Beam, individually and as the personal representative of Lucille Taylor, brought suit against Nexion Health Management, Inc., and Nexion Health at Mount Pleasant (collectively "Nexion") under Chapter 74 of the TCPRC and Braun on a product liability theory. Beam contends her mother, Ms. Taylor, was a resident in Nexion's nursing home facility when employees of the facility placed Ms. Taylor in an allegedly defective Braun wheelchair lift, and she was subsequently thrown from the lift.  Beam asserts Ms. Taylor suffered serious bodily injuries

from the fall, which ultimately led to her death.

Pursuant to Ch. 74 of the TCPRC, Beam was required to give pre-suit notice of her claim sixty days prior to the filing of the suit.  Beam concedes in her original complaint that she failed to comply with this notice requirement and thus, the Court abated the case for sixty days on August 23, 2006 pursuant to the statutory requirement.

Section 74.351 of the TCPRC sets forth the expert report requirements for medical malpractice claims under the statute.  TEX. CIV. PRAC. & REM. CODE § 74.351.  The statute requires a plaintiff to file her expert reports on or before the 120th day following the filing of the lawsuit. *Id*.  Therefore, Beam's expert report is due October 7, 2006.  In anticipation of this deadline, Beam has filed this Motion to Extend Time to File Expert Reports, arguing (1) that she needs extra time due to Nexion's failure to timely provide medical records, and (2) that the abatement of the case also tolls the 120 day time period requirement.  Braun has joined in Plaintiff's motion and has also requested specific discovery relating to the wheelchair lift at issue.

## MOTION FOR EXTENSION TO FILE EXPERT REPORT

### Applicability of § 74.351 in Federal Court

Before applying section 74.351 to the present case, the Court must first address whether it applies in federal court.  As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state law claim in federal court, the Court looks to the state law to determine the substantive law that governs, but it looks to federal law to determine the procedural law that governs the claim.  *See Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003); *see also Erie R.R. v. Tompkins,* 304 U.S. 64 (1938).  However, the distinction between procedural and substantive law "is sometimes a challenging endeavor." *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D.Tex. 2001)(Cobb, J.) (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).  The appropriate

inquiry is first to determine whether any validly enacted federal statute or rule governs the matter at issue. *Burlington N.R. Co. v. Woods*, 480 U.S. 1, 4 (1987). If the statute, when fairly construed, "is sufficiently broad to cause a 'direct collision' with the relevant provision of state law, federal law preempts the operation of state law." *Garza v. Scott & White Mem'l. Hosp.*, 234 F.R.D. 617, 621 (W.D. Tex. 2005) (citing *Burlington*, 480 U.S. at 4).

The Fifth Circuit has not addressed the issue of whether this specific section of Chapter 74 is procedural or substantive, but it has been analyzed by many of our sister courts in Texas.[1] The majority of courts analyzing the issue have found that the expert report requirement of section 74.351 does not apply in federal court. *Poindexter*, 145 F. Supp. 2d at 808 (construing section 74.351's predecessor, § 13.01 Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon 2002)); *see also Wakat*, 2006 WL 1469669 at *1 (citing cases). Only one court that has examined the issue has determined that the expert report requirement is substantive law and thus is applicable in federal court. *Cruz*, 400 F.Supp. 2d at 914.

The reasoning behind the majority view is that section 74.351 is in direct conflict with Federal Rules of Civil Procedure ("FRCP") 26 and 37. FRCP 26 provides disclosure requirements for experts as well as the requirements for expert reports in federal court. FED. R. CIV. P. 26(a)(2). The rule gives a court discretion to set the time when the expert report is due and states the report is due ninety days before trial if the court does not set a particular date. FED. R. CIV. P. 26(a)(2)(C). FRCP 37 sets forth sanctions available for failure to comply with Rule 26. FED. R. CIV. P. 37(c). These sanctions include dismissal with prejudice, but also allow the court to impose lesser sanctions

---

[1] *See Wakat v. Montgomery Co.*, No. Civ.-A H-05-0978, 2006 WL 1469669 (S.D. Tex. May 23, 2006); *Poindexter*, 145 F.Supp.2d at 803; *Cruz v. Chang*, 400 F. Supp. 2d 906, 911–14 (W.D.Tex. 2005); *Garza*, 234 F.R.D. at 621; *Brown v. Brooks County Det. Ctr.*, No. C.A. C-04-329, C.A. C-04-375, 2005 WL 1515466 (S.D. Tex. June 23, 2005); *Nelson v. Myrick*, No. Civ. A.3:04-CV-0828-G, 2005 WL 723459 (N.D. Tex. Mar. 29, 2005); *McDaniel v. United States*, No. Civ. A-SA-04-CA-0314, 2004 WL 2616305 (W.D. Tex. Nov. 16, 2004).

based on the facts of the case.  *See id*.  Section 74.351 requires the plaintiff to submit its expert report within 180 days and provides for the sole sanction of dismissal with prejudice for failure to timely file the expert report.  TEX. CIV. PRAC. & REM. CODE § 74.351.  The leading case followed by most of our sister courts, *Poindexter*, notes these rigid requirements in section 74.351 abrogate the discretion given to the Court in FRCP 26 and 37 and must therefore yield to the Federal Rules. 145 F. Supp. 2d at 808.

The only court to hold section 74.351 is applicable in federal court, *Cruz*, disagrees with *Poindexter* because it reads the purpose of section 74.351 as a "preliminary merits review" as opposed to general discovery related to experts and thus finds no "direct collision."  400 F. Supp. 2d at 913.  The court relies on section 74.351(k), which does not permit the expert report to be admitted into evidence by the defendant, to be used in a deposition, trial or other proceeding, or to be referred to by the defendant during the course of action for any purpose.  *Id*.  Because this subsection does not allow for the use of the expert report later in trial, the court noted it was "entirely irrelevant to discovery." *Id*.

Notably, every post-*Cruz* case dealing with this issue has sided with *Poindexter*.[2]  For example, in distinguishing *Cruz*, Judge Sparks looked to section 74.351(t) to support the argument that section 74.351 is in "direct collision" with FRCP 26.  *See Garza*, 234 F.R.D. at 623.  This subsection says once a plaintiff uses the expert report in any fashion, it has waived the restrictions in subsection (k), therefore, the expert report does become relevant discovery.  TEX. CIV. PRAC. & REM. CODE § 74.351(t).  In addition, Judge Sparks notes section  74.351 imposes other restrictions on

---

[2] *Garza*, 234 F.R.D. at 621*; Hall v. Trisun,* No. SA-05-CA-0984, 2006 WL 1788192 (W.D. Tex. June 23, 2006); *Wakat v. Montgomery Co.,* No. Civ.-A H-05-0978, 2006 WL 1469669 (S.D. Tex. May 23, 2006); *Brown v. Brooks County Det. Ctr.,* No. C.A. C-04-329, C.A. C-04-375, 2005 WL 1515466 (S.D. Tex. June 23, 2005); *Nelson v. Myrick*, No. Civ. A.3:04-cv0828-G, 2005 WL 723459 (N.D. Tex. Mar. 29, 2005).

discovery in direct conflict with FRCP 26 such as staying most discovery until plaintiff's expert report is filed. *See id.*

The Court agrees with *Poindexter's* well-reasoned analysis. Section 74.351 is a procedural rule that directly conflicts with FRCP 26 and 37. Accordingly, under *Erie*, section 74.351 is preempted by the Federal Rules and is inapplicable in federal courts.

### BRAUN CORPORATION'S REQUEST FOR SPECIFIC DISCOVERY

Braun seeks specific information related to the wheelchair lift at issue. Braun recognizes that the case has been abated pursuant to section 74.051 of the TCPRC, but argues that under that section, parties are still entitled to "complete and unaltered copies of the patient's medical records." TEX. CIV. PRAC. & REM. CODE § 74.051. Braun contends this language should be construed broadly enough to also include "the medical information and physical documented information concerning the identity of the product and its potential documentation of reasons for failure." Braun Joinder Motion, p. 6. Nexion does not dispute that Plaintiff is entitled to medical records and those have been provided. Nexion argues this section does not extend to Braun.

The purpose of section 74.051 is to keep the defendant free of litigation during the abatement period. *Hagedorn v. Tisdale*, 73 S.W.3d 341, 348 (Tex. App.—Amarillo 2002, no pet.). The discovery sought by Braun is not available to it during this abatement period. Braun has already received photographs sufficient to identify the wheelchair lift at issue as a Braun lift. The abatement period ends on October 22, 2006, and the discovery process will begin soon thereafter.

### CONCLUSION

Because the Court finds section 74.351 is inapplicable, the 120 day deadline for filing expert reports does not apply, and the Court **DENIES** Plaintiff's motion as **MOOT**. However, pursuant to the Court's authority under FRCP 26, the Court **ORDERS** Plaintiff to submit the expert report

at issue by November 15, 2006.  Because the case is currently abated pursuant to section 74.051 of

the TCPRC, the Court **DENIES** Braun's motion for specific discovery.

      **So ORDERED and SIGNED this 2nd day of October, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**